UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CV-07946-PA(AFMx) |
| Plaintiff, | **CONSENT JUDGMENT OF FORFEITURE** |
| v. | |
| $417,235.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the stipulation and request of Plaintiff United States of America and potential claimant Mariela Gastelum-Payan ("potential claimant Gastelum-Payan"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

On or about September 13, 2018, Plaintiff United States of America ("the United States of America") filed a Complaint for

1 | Forfeiture alleging that the defendant $417,235.00 In U.S.
2 | Currency (the "defendant currency") is subject to forfeiture
3 | pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and 21 U.S.C.
4 | § 881(a)(6).

No parties have appeared in this case and the time for filing claims and answers has expired.

Potential claimant Gastelum-Payan claims an interest in the defendant currency, and would have filed a claim thereto if this case had not been resolved by entering into this Consent Judgment of Forfeiture.

The government and potential claimant Gastelum-Payan have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person. The Court deems that all potential claimants, except for potential claimant Gastelum-Payan, admit the allegations of the Complaint for Forfeiture to be true. Potential claimant

Gastelum-Payan is relieved of her obligation to file a claim and answer in this litigation.

 4. The sum of $25,600.00 only (without interest) shall be returned to potential claimant Gastelum-Payan. The United States of America shall have judgment as to the interests of potential claimant Gastelum-Payan and all other potential claimants in the remainder of the defendant currency (i.e., $391,635.00), plus the interest earned by the United States of America on the defendant currency, which funds shall be condemned and forfeited to the United States of America. The United States of America shall dispose of the forfeited funds in accordance with law.

 5. The funds to be returned to potential claimant Gastelum-Payan pursuant to paragraph 4 above shall be paid to potential claimant Gastelum-Payan by electronic transfer directly into the client trust account of potential claimant Gastelum-Payan's attorney of record in this case. Potential claimant Gastelum-Payan (through potential claimant Gastelum-Payan's attorney of record) shall provide to the United States of America the information necessary for the United States of America to complete the transfer including, without limitation, providing potential claimant Gastelum-Payan's social security and taxpayer identification numbers (if any), potential claimant Gastelum-Payan's attorney of record's taxpayer identification number, and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the client trust account to which the transfer of funds is to be made.

/ / /

6.  Potential claimant Gastelum-Payan hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the United States Customs and Border Protection, the United States Immigration and Customs Enforcement or the Department of Homeland Security and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which potential claimant Gastelum-Payan hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of potential claimant Gastelum-Payan, whether pursuant to 28 U.S.C. § 2465 or otherwise.

7.  The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

8.  The Court further funds that potential claimant Gastelum-Payan did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

/ / /
/ / /
/ / /
/ / /

9. The United States of America and potential claimant Gastelum-Payan consent to this judgment and waive any right to appeal.

Dated: December 17, 2018

_____
THE HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented By:

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United states Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA